IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAZIEL OFER, individually
    Plaintiff,

v.

RONIEL RODRIGUEZ IV, individually,
And RONIEL RODRIGUEZ IV, P.A., a
Florida for profit corporation, and STUART
KALB, individually,
    Defendant(s).

_____/

CASE NO.:

FILED BY _____ D.C.

DEC 18 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INITIAL COMPLAINT

Plaintiff, Raziel Ofer ("Ofer" or "Plaintiff"), as a self-represented litigant, sues Defendant(s) RONIEL RODRIGUEZ IV ("Rodriguez"), RONIEL RODRIGUEZ IV, PA ("Rodriguez PA"), and STUART KALB ("Kalb"). In support, Plaintiff states:

## JURISDICTION OF THE COURT

This action is authorized under the Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and the damages exceed $75,000.00.

## PARTIES OF THE ACTION

Ofer is a domiciliary and citizen of the United Kingdom, a permanent resident thereof and a citizen of Israel, sui juris and conducts business in this district. Roniel Rodriguez IV is domiciled in this district and resides here, conducting his business as a licensed member of the Florida Bar within this District. Stuart Kalb is domiciled in New York and conducts business in this District with minimum contacts here. Roniel Rodriguez IV PA is a professional for-profit corporation domiciled in this district, is a professional organization conducting the practice of law in this District and has minimum contacts herein.

## SUMMARY OF ACTION

This action concerns a conspiratorial invasion of privacy of the Plaintiff's electronic device, through electronic intrusion and hacking, which resulted in the greatest theft of privileged and confidential emails, between the Plaintiff and his legal counsel, which resulted in the use of email communications and other data in one of the greatest fraudulent and unlawful uses of privileged communications in U.S. History.

## ALLEGATIONS OF MATERIAL FACT

1. This matter concerns unauthorized and unlawful access to an electronic computer device which is owned by the Plaintiff and used in his private affairs and business activities.

2. Plaintiff is a private person, who has an expectation of privacy, in the use of his personal electronic device, a laptop and/or desktop computer, which he uses in everyday conduct of personal and business activities.

3. In those activities, the Plaintiff uses the device to send and receive sensitive and confidential communications and other information containing personal information, which if made public, would compromise his business and personal dealings, including placing him at risk and harm.

4. In communicating this information, Plaintiff utilized a Gmail account with the absolute expectation of privacy in the use of the account to send and receive sensitive and privileged information in conducting personal and business activities.

5. The account is used to transmit personal identifying information, financial account information, business strategies and other information, of a sensitive nature, with

the expectation that this data will be used solely by the recipient for the intended purpose of the communication.

6. Among the more sensitive uses of the device and account is the communication of various information which is related to litigation in which the Defendants are the opposing parties either as the principal, in the case of Kalb or Rodriguez, or in the case of Rodriguez and Rodriguez PA, counsel for the principals.

7. The litigation surrounds disputes of the ownership of and theft of real estate which have a value in excess of $40 million, which the Defendants orchestrated the theft for $5.00, and which the Plaintiff, Defendant and others have disputes regarding various claims.

8. The Plaintiff is a party to the proceedings which have been ongoing, where the Defendants are also parties, in the Eleventh Judicial Circuit and County Courts in Miami-Dade County, the Third District Court of Appeals for Florida, the United States District Court for the Southern District of Florida, the Eleventh Circuit Court of Appeals for the United States, and the U.S. Bankruptcy Court.

9. During the course of those proceedings, Plaintiff had communications with his various attorneys, which communicated sensitive information and/or privileged information, which contained legal strategies, privileged communications and other communications which are protected under attorney-client privilege.

10. On occasion, communications have appeared in various proceedings which the parties are litigants against each other.

11. Some of the communications are between the Plaintiff and his various attorneys, their staff, or agents and other persons which are privileged attorney-client

information, which discusses litigation strategies, any disclosure which would give the Defendants or any other opposing party an unfair litigation advantage.

12. Many of the communications between the Plaintiff, his partner Robert Mendez, and others, also blind copied attorneys who worked on the various litigations, but not necessarily entered appearances in those matters.

13. Communications were also used to extort and manipulate third parties associated with the litigation the Plaintiff was involved in.

14. Plaintiff conducted his own independent forensic analysis of the device and, after the examination, discovered that the device had been compromised and data, including various email communications pertaining to litigation and litigation strategy, had been removed, copied, forwarded or otherwise taken from his device.

15. The examination disclosed that the compromise of his device was ongoing and had been occurring for some time with the earliest compromises coming in 2021.

16. The Plaintiff also confirmed that the emails were genuine and authentic emails and confirmed that the email communications and other data were, in fact, from his electronic device.

17. The examination results point at forensic proof that the Defendants are the direct cause of and source of the breach and compromise of his device.

18. The Defendants were directly involved in the hacking of or other acts which resulted in the breach of the electronic device.

19. The Defendants conspired amongst themselves and others with the goal of causing the private intrusion, by electronic means, into the electronic device of the Plaintiff.

20. The access to the Plaintiff's electronic device gave the Defendants an unfair advantage in the litigation in that the Defendants gained advance knowledge of actions that would be taken and other actions that Plaintiff may take.

21. This allowed the Defendants to engage in tactics to improperly interfere in the actions of the Plaintiff in his litigation.

22. The communications, specifically the emails from the compromised electronic device, were disclosed to third parties which clearly show that they are using confidential and privileged information.

23. For example, there were emails which were used in a complaint to the Florida Bar against former licensed attorney Maria Elena Perez. The emails were between Plaintiff and his former attorney.

24. The compromised emails were used to bring a claim of unlicensed practice of law against her and to do nothing more than attempt to interfere with the Plaintiff's litigation efforts.

25. The stress and distress of how the compromise of the device has rendered the litigation ineffectual also has had a detrimental impact on the physical health of the Plaintiff, causing illness and stress related ailments, in some cases, causing severe aggravation of existing medical conditions that result in hospitalization.

## COUNT I – DEPREVATION OF CIVIL RIGHTS

26. Ofer re-alleges all allegations of material fact and incorporates them in this claim.

27. This claim is a cause of action for deprivation of civil rights and invasion of privacy.

28. Plaintiff has a common law right to be free of the intrusion of an unwanted and unauthorized person into his private affairs, by electronic or any other means.

29. The Defendants caused or directed an unknown third person to cause a unwanted and unauthorized intrusion into the electronic device of the Plaintiff, a laptop and desktop computer, to which the Plaintiff had an expectation of privacy.

30. Kalb and Rodriguez directed and/or instructed the parties responsible for the breach and compromised to perform such acts.

31. Rodriguez PA, through its officers and owners, assisted and/or otherwise directed and instructed the parties responsible for the breach and compromised to perform such acts.

32. The Defendants had no legitimate and lawful concern with accessing the Plaintiff's device and intrude into Plaintiff's private activities, in such manner as to outrage or cause mental suffering, shame, or humiliation to the Plaintiff's ordinary sensibilities.

33. As a result of this conduct, the Plaintiff was injured in the loss of his real estate and corporate entities, and the resulting income, in an amount well in excess of $40 Million.

WHEREFORE, Ofer prays this Court adjudge the Defendant in violated the privacy rights of the Plaintiff, award damages, pre and post judgment interest, fees and costs, including reasonable attorney's fees, or any other relief this Court deems just and proper.

COUNT II – CIVIL CONSPIRACY

34. Ofer re-alleges all allegations of material fact and incorporates them in this claim.

35. This claim is a cause of action for civil conspiracy.

36. Plaintiff has a common law right to be free of the intrusion of an unwanted and unauthorized person into his private affairs, by electronic or any other means.

37. The Defendants engaged in conspiratorial conduct with each other and other unknown persons to commit the conspiracy of the intrusion, by electronic means, into the electric device of the Plaintiff to extract private, sensitive and privileged information for their advantage and the detriment of the Plaintiff.

38. The Defendants caused or directed an unknown third person to cause an unwanted and unauthorized intrusion into the electronic device of the Plaintiff, a laptop and desktop computer, to which the Plaintiff had an expectation of privacy.

39. Kalb and Rodriguez directed and/or instructed the parties responsible for the breach and compromised to perform such acts.

40. Rodriguez PA, through its officers and owners, assisted and/or otherwise directed and instructed the parties responsible for the breach and compromised to perform such acts.

41. The Defendants have committed an unlawful act or a lawful act by unlawful means, the invasion into the private affairs of the Plaintiff.

42. The Defendants have committed an overt act, the hacking, compromise and intrusion into the Plaintiff's electronic device, in pursuance of the conspiracy.

43. As a result of this conduct, the Plaintiff was injured in the loss of his real estate and corporate entities, and the resulting income, in an amount well in excess of $40 Million, as a result of the conspiracy.

WHEREFORE, Ofer prays this Court adjudge the Defendants guilty of a civil conspiracy, award damages, pre and post judgment interest, fees and costs, including reasonable attorney's fees, or any other relief this Court deems just and proper.

Submitted Respectfully,

/s/_____

Raz Ofer
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.ofer2@gmail.com

## RAZIEL OFER'S VERIFICATION OF THE INITIAL COMPLAINT

Plaintiff, Raz Ofer ("Ofer" or "Plaintiff"), proceeding as a self-represented litigant, hereby certifies and verifies that he has read and understood the allegations of the initial complaint entered in this matter and further certifies that the facts and material allegations of the complaint are true, correct and complete and made from his personal firsthand knowledge as to the transactions, events and other occurrences contained therein. This statement is made under penalty of perjury under the laws of the United States and is intended to comply with 28 U.S.C. §1746[1].

/s/_____

Raz Ofer
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.ofer2@gmail.com

---

[1] §1746 states, "Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated".

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAZIEL OFER, individually
    Plaintiff,

v.                              CASE NO.:

RONIEL RODRIGUEZ IV, individually,
And RONIEL RODRIGUEZ IV, P.A., a
Florida for profit corporation, and STUART
KALB, individually,
    Defendant(s).
_____/

## SWORN DECLARATION OF RAZIEL OFER

I, RAZIEL OFER, hereby make this sworn declaration of material fact as to the matters contained herein as to certain facts and circumstances contained herein, which are true, correct and complete, made from firsthand knowledge, under the penalty of perjury, as follows:

1. I am a foreign national, not a citizen or permanent resident of the United States, and holder of passports issued by, and authorized from the United Kingdom and Israel.

2. I am a citizen of the United Kingdom and Israel and may freely travel to them, without restriction, and have no legal disability which prevents such.

3. I am domiciled within the United Kingdom, in the city of London, have been since April 2023 and it is my intention to remain here permanently and has always been my permanent residents which I have declared as my domicile.

4. During the last few years, I have experienced quite a few different complications with my laptop where it has not operated properly, in some cases, crashed for no apparent reason.

5.  In the most recent episode, I discovered that there was a software program which gives remote access to my laptop without it being detected easily.

6.  In the process of examining this software, I discovered that my laptop has been searched on several occasions, especially my emails.

7.  This discovery corresponds with other occasions in which others have told me that after they have sent emails to me, they have experienced a return email sent to them that I have never sent or drafted.

8.  This is similar to an email that is sent when you have an instant reply set up to respond to any emails which are sent to my email accounts, except the emails are blank.

9.  The return emails are only sent to very specific people who send emails to me related to my litigation with Roniel Rodriguez and Stuart Kalb.

10. This is confirmation that the email account that I use has been compromised by illegal hacking and remote access.

11. In examining the remote access of my laptop, I was able to discover that emails were accessed are very specific to litigation surrounding the Defendants and the loss of my real estate in Miami, which the Defendants stole $40 million dollar properties for $5.00. The emails that were stolen help the Defendants facilitate the theft of the real estate.

12. Because of this, the search of the emails only included this information and nothing more, and some of the emails has been filed in a Florida Bar complaint against Maria Elena Perez, this is proof that Rodriguez and Kalb have illegally

accessed my laptop, invaded my privacy and stole private privileged and confidential information in clear breach of privacy rights and law.

13. They have caused me $80 million in damages from lost real estate and income and severely affected my health, both mental and physical, with all of the stress and other emotional conditions associated.

14. The Defendants have harassed my business partners and attorneys and conducted many illegal activities to bribe judges and get illegal judgements against me using the stolen privileged information.

15. The illegal access of my laptop to get communications between me and my lawyers and their staff or assistants shows that Rodriguez and Kalb will go through any criminal lengths to get a unfair advantage by any means to steal my properties.

FURTHER DECLARANT SAYETH NAUGHT

THIS DECLARATION IS MADE WILLFULLY, AND VOLUNTARILY, WITHOUT ANY COERCION, AND MADE WITHOUT ANY INFLUENCE OF ANY ALCOHOL OR CONTROLLED SUBSTANCE. THESE ARE TRUTHFUL STATEMENTS AND MADE UNDER PENALTY OF PERJURY, AND EXECUTED OUTSIDE THE UNITED STATES OF AMERICA, MADE PURSUANT TO 28 U.S.C. §1746.

Executed on this 18th day of December, 2024 by,

Raziel Ofer
c/o 3701 DeGarmo Lane
Coconut Grove, FL 33133
Raz.ofer2@gmail.com

EXHIBIT "B"

**Subject**: Re: Lopez v. Flores—ATTORNEY CONFLICT

**Date**: 04/12/2023 07:47   **From**: Raz Ofer <raz.ofer2@gmail.com>   **To**: Maria Elena Perez Murphy <meplaw1@mail.com>, Raz Ofer <raz.ofer2@gmail.com>

Include it in the motion for rehearing and appeal.

Raz

On Mon, 4 Dec 2023 at 10:27, Raz Ofer <raz.ofer2@gmail.com> wrote:
Perfect, Maria. Exactly the same. In fact, our case is even stronger, as he confirmed to me in writing that we met and discussed all cases.

Elaborate on it in the appeal and ask for a stay from Butchko and 3rd DCA.

Add it also to the motion for rehearing. Please also include the letter from Millan to me.

Great case law.

Raz

On Mon, 4 Dec 2023 at 09:44, Maria Elena Perez Murphy <meplaw1@mail.com> wrote:

READ attached case from the Third DCA . . . Violation of the "hot potato" rule….interpret this case and apply it to the Rule 1.540 Motion denial.
—Notice of Appeal
—Emergency Motion to Stay with Third DCA

**Subject:** Re: Lopez v. Flores--ATTORNEY CONFLICT
**Date:** 04/12/2023 07:47   **From:** Raz Ofer <raz.ofer2@gmail.com>      **To:** Maria Elena Perez Murphy <meplaw1@mail.com>, Raz Ofer <raz.ofer2@gmail.com>

Maria,

This case law can also be used for the following:

1. Drexel case in front of Isicoff. Millan confirmed we also discussed drexel. We'll get a new trial.

2. Vacate Butchko's Judgment in favor of opustone, this will also vacate Isicoff's decision.

3. Vacate all decisions by Butchko & Guzman and open the door for massive damages claims against Rodriguez/kalb, Isicoff, Butchko & Guzman

Include it in the motion for rehearing and appeal.

Raz

On Mon, 4 Dec 2023 at 10:27, Raz Ofer <raz.ofer2@gmail.com> wrote:
Perfect, Maria. Exactly the same. In fact, our case is even stronger, as he confirmed to me in writing that we met and discussed all cases.

Elaborate on it in the appeal and ask for a stay from Butchko and 3rd DCA



**Subject:** Fwd: Brief on Charging Orders and Liens

**Date:** 06/06/2024 16:49   **From:** Raz Ofer <raz.ofer2@gmail.com>   **To:** Elena Perez-Murphy <meplaw1@mail.com>, ovide val <ovidelaw@yahoo.com>

---------- Forwarded message ----------
From: **Brian Dupree** <bdupree@caribbeanblueassoc.com>
Date: Thu, 6 Jun 2024 at 21:12
Subject: Brief on Charging Orders and Liens
To: Raz Ofer <raz.ofer2@gmail.com>

Sorry I didn't see you request the brief until now for review

Regards,

📄 14 - Breifing On Charging Orders.docx        🖼 Image001.jpg

**Subject:** Fwd: Brief on Charging Orders and Liens

**Date:** 06/06/2024 16:49   **From:** Raz Ofer <raz.ofer2@gmail.com>   **To:** Elena Perez-Murphy <meplaw1@mail.com>, ovide val <ovidelaw@yahoo.com>

---------- Forwarded message ----------
From: **Brian Dupree** <bdupree@caribbeanblueassoc.com>
Date: Thu, 6 Jun 2024 at 21:12
Subject: Brief on Charging Orders and Liens
To: Raz Ofer <raz.ofer2@gmail.com>

Sorry I didn't see you request the brief until now for review.

Regards,

---

📄 14 - Breifing On Charging Orders.docx          🖼 image001.jpg

**Subject:** Fwd: FURTHER SUPPLEMENT TO RAZIEL OFER'S FLORIDA BAR COMPLAINT AGAINST RONIEL RODRIGUEZ IV's RESPONSE FLORIDA BAR FILE NO. 2024-7020

**Date:** 29/04/2024 16:03   **From:** Raz Ofer <raz.ofer2@gmail.com>   **To:** ovide val <ovidelaw@yahoo.com>, Elena Perez-Murphy <meplaw1@mail.com>, Raz Ofer <raz.ofer2@gmail.com>

My supplement to the BAR Rodriguez complaint, this is super criminal.

---------- Forwarded message ----------
From: Raz Ofer <raz.ofer2@gmail.com>
Date: Mon, 29 Apr 2024 at 21:01
Subject: FURTHER SUPPLEMENT TO RAZIEL OFER'S FLORIDA BAR COMPLAINT AGAINST RONIEL RODRIGUEZ IV's RESPONSE FLORIDA BAR FILE NO. 2024-7020
To: ACAPIntake <acapintake@floridabar.org>, Raz Ofer <raz.ofer2@gmail.com>

Dear Mrs Craft,

Attached please find a supplement to the Bar Complaint against Rodriguez IV.

It's a brief I filed today to the 3rd DCA about a decision by Circuit Court that resulted in a fraud of $40M by Rodriguez IV (ROIV) and SOIV & SK modus operandi, they submit a motion for summary Judgment after they deselected my Lawyer, David Winker, from the distribution list, in addition to changing my email to

Butch to Appeal CDLV A3AR.pdf

**Subject:** Re: notice of hearing

**Date:** 27/02/2024 22:48   **From:** Raz Ofer <raz.ofer2@gmail.com>   **To:** Maria Elena Perez Murphy <meplaw1@mail.com>

Sure, I'll send it to the Bar.

On Wed, Feb 28, 2024 at 3:23 AM Maria Elena Perez Murphy <meplaw1@mail.com> wrote:
This is amazing. We should send it to the bar. It's one of your claims.
Sent from my iPhone

**Subject:** Fwd: Order - Case Number: SIGNED BY YOUR HONOR

Date: 11/02/2024 18:21   From: Raz Ofer <raz.ofer2@gmail.com>   To: ovide val <ovidelaw@yahoo.com>, Elena Perez-Murphy <meplaw1@mail.com>

---------- Forwarded message ----------
From: **Raz Ofer** <raz.ofer2@gmail.com>
Date: Sun, Feb 11, 2024 at 11:21 PM
Subject: Order - Case Number: SIGNED BY YOUR HONOR
To: <Pecharte@jud11.flcourts.org>, Seligman, Jessica <jseligman@jud11.flcourts.org>, Raz Ofer <raz.ofer2@gmail.com>, Robert Mendez <942PENN@gmail.com>, Roniel Rodriguez IV <ron@rjrfirm.com>

Judge Echarte,

Not only the order doesn't reflect what was discussed at the hearing, I refer you to my previous emails dated 5th February 2024, this is a frivolous order, as I repeated at the hearing on 5th Feb 2024.

As I said, T Mobile doesn't hold any contents of texts, I'm aware that Rodriguez IV (ROIV) called T Mobile and they made him aware of the foregoing. Anyone can look in Google to confirm the above.

It's impossible to save the contents of texts, given there are 1T texts every minute, it would be necessary to have a datacenter the size of the US to store such

**Subject:** Rodriguez - Response

Date: 29/01/2024 00:06   From: Raz Ofer <raz.ofer2@gmail.com>   To: Raz Ofer <raz.ofer2@gmail.com>, Elena Perez-Murphy <meplaw1@mail.com>

Maria,

1. Please add a list of all docs available on request, like correspondence with the Clerk, Karen Haas, letter from NYS, everything that we refer to in our complaint.

**Response To Rodriguez IV**

This response is Rodriguez IV (ROIV) modus operandi, instead of answering the extremely serious evidence of a fraud on the Court, Criminal Activities, Grand Theft, Bribes, Forged Judgments, Physical Threats on his Victims, etc, this guy believes that by lying, fabricating evidence and misinformation, he can manipulate the Florida Bar from the real issues in my complaint.

His response is just another reason why ROIV should be suspended pending a full investigation by the BAR, he poses a real threat to the public.

I'll briefly respond to his outrageous lies about me and instead concentrate on the real issues, none of them he responded to or even attempted to respond to. No wonder Rodriguez IV (RO IV) has swiftly responded to the complaint, he realized the high risk of being suspended pending the investigation by the Bar.

My Background.

I studied Computer Science in Tel Aviv University, I worked as an IT consultant for Accenture in NYC (The biggest Software House in the World), I was one of their top consultants, I specialize in TPF, an IBM mainframe platform, only used by huge corporations, like CitiBank, Bank of America, Airlines, etc. While working for